# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| PATTY CARRADINE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 1:02-CV-00122 |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Patty Carradine brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). (Docket # 1.) On May 12, 2004, Carradine received a judgment in her favor reversing the denial of benefits, and her case was remanded to the Commissioner for further proceedings. (Docket # 25, 26.) Ultimately, the Commissioner issued a fully favorable decision to Carradine and awarded her a significant amount in past-due benefits. (*See* Mem. in Supp. of Pl.'s Attorney's Mot. for an Award of Att'y Fees Under 42 U.S.C. § 406(b) ("Pl.'s Supp. Mem.") at 2.)

As a result, Carradine's attorney, Joseph Shull, now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $26,193.75 for his representation of Carradine in federal court.[1] (Docket # 48.) For the reasons set forth herein, Shull's motion for authorization of attorney fees will be GRANTED.

### A. *Relevant Factual and Procedural Background*

On September 17, 2001, Shull and Carradine entered into a contingent-fee agreement for

---

[1] The Commissioner has not filed a response to Carradine's motion.

Shull's representation of Carradine in federal court.[2] (Pl.'s Supp. Mem. Ex. B.) Under the agreement, Carradine agreed that Shull would "charge and receive as his fee an amount equal to twenty-five percent (25%) of the past-due benefits which are awarded to [her] family and [her] in the event [her] case is won." (Pl.'s Supp. Mem. Ex. B.)

On October 22, 2002, this Court affirmed the Commissioner's final decision denying Carradine disability benefits. (Docket # 17.) However, Carradine appealed this decision to the Seventh Circuit Court of Appeals (Docket # 19), and on May 12, 2004, it entered a judgment in Carradine's favor, remanding her case to the Commissioner for further proceedings. (Docket # 25, 26.)

Shull then filed for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for the 115.9 hours he spent advocating Carradine's claim in federal court. (Docket # 27-43.) The Court awarded Shull $16,573.70 in EAJA fees.[3] (Docket # 44-45.)

On November 12, 2006, the Commissioner awarded disability benefits to Carradine beginning August 1994; as a result, Carradine received $125,975 in back benefits. (Pl.'s Supp. Mem. Ex. A.) On October 8, 2008, Shull filed the instant motion, seeking the Court's authorization of a payment of $26,193.75 in attorney fees from Carradine to Shull pursuant to the contingent-fee agreement. (Docket # 48-49.)

---

[2] The most common fee arrangement between attorneys and social security claimants is the contingent-fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

[3] Shull further explains that the attorney who represented Carradine at the administrative level received $5,300 in attorney fees for the representation pursuant to 42 U.S.C. § 406(a). (Pl.'s Supp. Mem. 2.)

2

*B. Legal Standard*

Fees for representing social security claimants, both administratively and before the federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793, 795-96. Section 406(a) controls fees for representation in administrative proceedings and § 406(b) controls attorney fees for representation in court. *Id*. at 796. Unlike fees obtained under the EAJA,[4] the fees awarded under § 406 are charged against the claimant, not the government. *Id*.

Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his representation at the administrative level. 42 U.S.C. § 406(a); 20 C.F.R. § 404.1725(b); *Gisbrecht*, 535 U.S. at 794-95. There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 794-95.

In addition to the fee award available pursuant to § 406(a), under § 406(b) an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ."[5] 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795. The combination of fees awarded under § 406(a) and § 406(b), however, can never exceed twenty-five percent of the past-due benefits awarded to the claimant. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 661 (N.D. Ill. 2004); *Bartrom v. Barnhart*, No. 1:99-CV-44, 2003 WL 21919181, at *2-3 (N.D. Ind. Feb. 26, 2003). Moreover, § 406(b) has been

---

[4] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when its position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[5] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Id.* at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

harmonized with the EAJA; though fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796 (explaining that "an EAJA award offsets an award under Section 406(b)").

Unlike the award by the Commissioner under § 406(a), the court is required under § 406(b) to review for reasonableness the attorney fees yielded by contingent-fee agreements. *Id.* at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807-08 (citations and footnote omitted).

## C. Discussion

Here, Shull requests that the Court authorize under § 406(b) the payment of attorney fees in the amount of $26,193.75 pursuant to his contingent-fee agreement for his representation of Carradine in federal court. Thus, the Court is charged with determining whether Shull's requested fee under the contingent-fee agreement is "a reasonable fee for such representation, not in excess of 25 percent of [Carradine's] total past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

In calculating his requested fee, Shull starts with $26,193.75, which is an amount below twenty-five percent of the $125,975 in past benefits awarded to Carradine. Shull explains that an

award of $26,193.75 is reasonable for the 115.9 hours he spent representing Carradine in federal court, considering that (1) it reflects the contingent nature of the recovery; (2) he achieved an excellent result for Carradine; and (3) he provided Carradine with effective and efficient representation, which he attributes to his significant experience and knowledge in the area of social security disability law. (Pl.'s Supp. Mem. 8-12, Ex. C.)

The Court is persuaded by Shull's argument in support of his fee. Indeed, the requested amount of $26,193.75 when added to $5,300, the amount awarded to Carradine's attorney for representation during the administrative proceedings, does not exceed twenty-five percent of Carradine's past-due benefit award. Thus, Shull's request is in accordance with § 406 and the contingent-fee agreement between Shull and Carradine.

Furthermore, Shull obtained a significant result for Carradine and undoubtedly provided her with quality representation. This Court is well aware of Shull's numerous years of experience and significant knowledge in the area of social security disability law. (*See* Pl.'s Supp. Mem. Ex. C (describing in detail Shull's professional experience in the area of social security law).)

And, Shull's requested fee is certainly "reasonable for the services rendered," *Gisbrecht*, 535 U.S. at 807, particularly in a contingent-fee context. Shull seeks $26,193.75 for 115.9 hours of work, which equates to an "effective rate" of $226 per hour.[6] *See Gisbrecht*, 535 U.S. at 804-

---

[6] While the Supreme Court in *Gisbrecht* rejected the lodestar approach (which incorporates consideration of a reasonable hourly rate for an attorney) as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, No. 1:99-cv-325, 2004 WL 1737443, at *5 (E.D. Tex. July 22, 2004). Here, Shull argued in his supporting memorandum that his requested "effective rate" per hour is reasonable; consequently, rather than endorsing a strict lodestar approach, the Court in its analysis is merely responding to Shull's argument concerning his proposed "effective rate." *See Gisbrecht*, 535 U.S. at 807 n.17 (emphasizing that the attorney bears the burden to persuade the Court that the requested fee is reasonable).

07 (explaining the contingent nature of a fee under § 406(b)); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002) ("[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a *de novo* standard . . . . [and] because there are no settlements.").

However, as discussed *supra*, and as Shull acknowledges (Pl.'s Supp. Br. 12), the lesser of the amount of attorney fees awarded under § 406(b) and the EAJA must be refunded to the claimant, as the fee awards under each statute are derived from the same 115.9 hours of legal work. Therefore, Shull's requested fee under § 406(b) in the amount of $26,193.75 will be authorized by this Court, but will be offset by $16,573.70, the amount of the EAJA fees that Shull already recovered. *See Gisbrecht*, 535 U.S. at 796. This results in a fee award to Shull in the amount of $9,620.05.

### D. Conclusion

For the foregoing reasons, Shull's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Docket # 48) is GRANTED, except that his requested fee of $26,193.75 is reduced to $9,620.05, due to an offset for Shull's prior receipt of EAJA fees.

SO ORDERED.

Enter for this 27th day of October, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge